IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: _____ |
| v. | |
| | **PLEA AGREEMENT** |
| **HARRIET WINTERS** | |

### General Provisions

This PLEA AGREEMENT is made this 26th day of February, 2025, between the United States of America, as represented by Acting United States Attorney BROOK B. ANDREWS, Assistant United States Attorney Scott Matthews; the Defendant, **HARRIET WINTERS**, and Defendant's attorney, Christopher A. Wellborn.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, Failure to Collect, Account for or Pay Over a Tax, in violation of Title 26, U.S.C., § 7202.

In order to sustain its burden of proof, the Government is required to prove the following:

Count 1

A.   First, that the defendant was required to collect,
     account for, and pay over taxes imposed by federal law

B.   Second, that the defendant either failed to truthfully
     account for such tax or failed to pay over such tax; and

C.   Third, that the defendant did so willfully.

The penalty for this offense is:

Maximum sentence of five years imprisonment and/or a fine of the
greater of $250,000 or twice the pecuniary gain or loss from the
offense plus the costs of prosecution and a term of supervised
release of not more than three years, plus a special assessment of
$100.

2.   The Defendant understands and agrees that monetary penalties
     [i.e., special assessments, restitution, fines and other
     payments required under the sentence] imposed by the Court are
     due and payable immediately and subject to enforcement by the
     United States as civil judgments, pursuant to 18 U.S.C. § 3613.
     In the event the Court imposes a schedule for payment of
     restitution, the Defendant also understands that payments made
     in accordance with installment schedules set by the Court are
     minimum payments only and do not preclude the Government from
     seeking to enforce the judgment against other assets of the

2

Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A.   Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.   Restitution: The Defendant agrees to pay restitution to the IRS in the total amount of $2,038,852.00 pursuant to 18 U.S.C. § 3663(a)(3), as discussed in paragraph 3, below.

C.   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   Defendant also agrees to pay restitution to the IRS in the total amount of $2,038,852.00 pursuant to 18 U.S.C. § 3663(a)(3). The

Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct. The total amount of restitution consists of the following:

| Tax Period | Taxable Wages | (A) Federal Income Tax Withheld | (B) Social Security Taxes (6.2%) | (C) Medicare Taxes (1.45%) | (D)=(A)+(B)+(C) Total Tax Liability-Employee | (E)= (B)+(C) Total Tax Liability Employer Matching | (F)= (D)+(E) Total Tax Due |
|---|---|---|---|---|---|---|---|
| 201103 | 100,469.00 | 9,970.75 | 4,180.75 | 1,443.25 | 15,594.75 | 5,624.00 | 21,218.75 |
| 201106 | 100,469.00 | 9,970.75 | 4,180.75 | 1,443.25 | 15,594.75 | 5,624.00 | 21,218.75 |
| 201109 | 100,469.00 | 9,970.75 | 4,180.75 | 1,443.25 | 15,594.75 | 5,624.00 | 21,218.75 |
| 201112 | 100,469.00 | 9,970.75 | 4,180.75 | 1,443.25 | 15,594.75 | 5,624.00 | 21,218.75 |
| 201203 | 97,971.91 | 9,134.87 | 4,114.82 | 1,420.61 | 14,670.30 | 5,535.43 | 20,205.73 |
| 201206 | 97,971.91 | 9,134.87 | 4,114.82 | 1,420.61 | 14,670.30 | 5,535.43 | 20,205.73 |
| 201209 | 97,971.91 | 9,134.87 | 4,114.82 | 1,420.61 | 14,670.30 | 5,535.43 | 20,205.73 |
| 201212 | 97,971.91 | 9,134.87 | 4,114.82 | 1,420.61 | 14,670.30 | 5,535.43 | 20,205.73 |
| 201303 | 104,158.12 | 9,270.40 | 6,234.09 | 1,458.17 | 16,962.66 | 7,692.26 | 24,654.92 |
| 201306 | 104,158.12 | 9,270.40 | 6,234.09 | 1,458.17 | 16,962.66 | 7,692.26 | 24,654.92 |
| 201309 | 104,158.12 | 9,270.40 | 6,234.09 | 1,458.17 | 16,962.66 | 7,692.26 | 24,654.92 |
| 201312 | 104,158.12 | 9,270.40 | 6,234.09 | 1,458.17 | 16,962.66 | 7,692.26 | 24,654.92 |
| 201403 | 129,727.70 | 11,132.29 | 7,763.24 | 1,815.64 | 20,711.16 | 9,578.88 | 30,290.04 |
| 201406 | 129,727.70 | 11,132.29 | 7,763.24 | 1,815.64 | 20,711.16 | 9,578.88 | 30,290.04 |
| 201409 | 129,727.70 | 11,132.29 | 7,763.24 | 1,815.64 | 20,711.16 | 9,578.88 | 30,290.04 |
| 201412 | 129,727.70 | 11,132.29 | 7,763.24 | 1,815.64 | 20,711.16 | 9,578.88 | 30,290.04 |
| 201503 | 150,289.84 | 13,643.67 | 9,051.52 | 2,116.94 | 24,812.12 | 11,168.46 | 35,980.58 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 201506 | 150,289.84 | 13,643.67 | 9,051.52 | 2,116.94 | 24,812.12 | 11,168.46 | 35,980.58 |
| 201509 | 150,289.84 | 13,643.67 | 9,051.52 | 2,116.94 | 24,812.12 | 11,168.46 | 35,980.58 |
| 201512 | 150,289.84 | 13,643.67 | 9,051.52 | 2,116.94 | 24,812.12 | 11,168.46 | 35,980.58 |
| 201603 | 163,690.15 | 12,842.95 | 10,148.82 | 2,373.53 | 25,365.30 | 12,522.35 | 37,887.64 |
| 201606 | 163,690.15 | 12,842.95 | 10,148.82 | 2,373.53 | 25,365.30 | 12,522.35 | 37,887.64 |
| 201609 | 163,690.15 | 12,842.95 | 10,148.82 | 2,373.53 | 25,365.30 | 12,522.35 | 37,887.64 |
| 201612 | 163,690.15 | 12,842.95 | 10,148.82 | 2,373.53 | 25,365.30 | 12,522.35 | 37,887.64 |
| 201703 | 192,210.25 | 18,181.75 | 11,591.16 | 2,710.84 | 32,483.75 | 14,302.00 | 46,785.75 |
| 201706 | 192,210.25 | 18,181.75 | 11,591.16 | 2,710.84 | 32,483.75 | 14,302.00 | 46,785.75 |
| 201709 | 192,210.25 | 18,181.75 | 11,591.16 | 2,710.84 | 32,483.75 | 14,302.00 | 46,785.75 |
| 201712 | 192,210.25 | 18,181.75 | 11,591.16 | 2,710.84 | 32,483.75 | 14,302.00 | 46,785.75 |
| 201803 | 249,913.16 | 20,562.71 | 15,477.05 | 3,619.66 | 39,659.42 | 19,096.71 | 58,756.13 |
| 201806 | 249,913.16 | 20,562.71 | 15,477.05 | 3,619.66 | 39,659.42 | 19,096.71 | 58,756.13 |
| 201809 | 249,913.16 | 20,562.71 | 15,477.05 | 3,619.66 | 39,659.42 | 19,096.71 | 58,756.13 |
| 201812 | 249,913.16 | 20,562.71 | 15,477.05 | 3,619.66 | 39,659.42 | 19,096.71 | 58,756.13 |
| 201903 | 148,125.38 | 11,452.14 | 9,183.77 | 2,147.82 | 22,783.73 | 11,331.59 | 34,115.32 |
| 201906 | 223,786.26 | 17,301.77 | 13,874.75 | 3,244.90 | 34,421.42 | 17,119.65 | 51,541.07 |
| 201909 | 198,564.25 | 15,351.76 | 12,310.98 | 2,879.18 | 30,541.92 | 15,190.17 | 45,732.09 |
| 201912 | 380,224.62 | 29,396.61 | 22,269.58 | 5,208.09 | 56,874.28 | 27,477.67 | 84,351.95 |
| 202003 | 177,865.50 | 13,756.08 | 11,027.66 | 2,579.05 | 27,362.79 | 13,606.71 | 40,969.50 |
| 202006 | 178,777.00 | 13,826.57 | 11,084.17 | 2,592.27 | 27,503.01 | 13,676.44 | 41,179.45 |
| 202009 | 132,870.25 | 10,276.15 | 8,237.96 | 1,926.62 | 20,440.73 | 10,164.57 | 30,605.30 |
| 202012 | 263,446.79 | 20,374.91 | 14,728.30 | 3,444.51 | 38,547.72 | 18,172.81 | 56,720.52 |
| 202103 | 120,271.50 | 9,483.06 | 7,456.83 | 1,743.94 | 18,683.83 | 9,200.77 | 27,884.60 |
| 202106 | 124,688.00 | 9,831.29 | 7,730.66 | 1,807.98 | 19,369.92 | 9,538.63 | 28,908.56 |
| 202109 | 151,656.00 | 11,957.64 | 9,402.67 | 2,199.01 | 23,559.33 | 11,601.68 | 35,161.01 |

| 202112 | 259,467.75 | 20,458.29 | 16,087.09 | 3,762.29 | 40,307.67 | 19,849.38 | 60,157.06 |
| 202203 | 148,974.00 | 12,201.62 | 9,236.39 | 2,160.12 | 23,598.13 | 11,396.51 | 34,994.65 |
| 202206 | 149,399.75 | 12,236.49 | 9,262.78 | 2,166.30 | 23,665.57 | 11,429.08 | 35,094.66 |
| 202209 | 49,577.25 | 4,060.59 | 3,073.79 | 718.87 | 7,853.25 | 3,792.66 | 11,645.91 |
| 202212 | 429,541.00 | 35,181.29 | 24,933.03 | 5,837.33 | 65,951.65 | 30,770.36 | 96,722.01 |
| 202303 | 147,156.50 | 17,342.47 | 9,123.70 | 2,133.77 | 28,599.94 | 11,257.47 | 39,857.41 |
| 202306 | 138,671.25 | 16,342.48 | 8.597.62 | 2,010.73 | 26,950.83 | 10,608.35 | 37,559.18 |
| 202309 | 134,492.50 | 15,850.01 | 8,338.54 | 1,950.14 | 26,138.69 | 10,288.68 | 36,427.36 |
| 202312 | 407,153.50 | 47,983.25 | 23,553.19 | 5,508.48 | 77,044.92 | 29,061.67 | 106,106.58 |

Defendant agrees to pay interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. §

6

6201(a)(4)(C).  Neither the existence of a restitution payment
schedule nor Defendant's timely payment of restitution according
to that schedule will preclude the IRS from immediately
collecting the full amount of the restitution-based assessment.

Defendant is entitled to receive credit for restitution paid
pursuant to this plea agreement against those assessed civil
tax liabilities due and owing for the same periods for which
restitution was ordered.  Defendant understands and agrees that
the plea agreement does not resolve the Defendant's civil tax
liabilities, that the IRS may seek additional taxes, interest
and penalties from Defendant relating to the conduct covered by
this plea agreement and for conduct relating to another time
period, and that satisfaction of the restitution debt does not
settle, satisfy, or compromise Defendant's obligation to pay
any remaining civil tax liability.  Defendant authorizes release
of information to the IRS for purposes of making the civil tax
and restitution-based assessments.

Defendant understands that Defendant is not entitled to credit
with the IRS for any payment until the payment is received by
the IRS.

7

If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

If Defendant makes a payment of restitution prior to sentencing, the payment will be applied as a credit against the ordered restitution amount.

Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

> Clerk, U.S. District Court
> Matthew J. Perry, Jr. Courthouse
> 901 Richland Street
> Columbia, SC 29201

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

8

A.    Defendant's name and Social Security number;

B.    The District Court and the docket number assigned to this case;

C.    Tax year(s) or period(s) for which restitution has been ordered; and

D.    A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

        IRS - RACS
        Attn: Mail Stop 6261, Restitution
        333 W. Pershing Ave.
        Kansas City, MO 64108

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

        IRS - RACS
        Attn: Mail Stop 6261, Restitution
        333 W. Pershing Ave.
        Kansas City, MO 64108

Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity

9

to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

4.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

5.    The Defendant represents to the Court that she has met with her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and her

10

attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in her own behalf, or to remain silent and have no adverse inferences drawn from her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6.   The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of

11

ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

7.   The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8.   The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether

12

made prior to, contemporaneous with or after this Agreement, are null and void.

2.24.2025
_____
Date

_____
HARRIET WINTERS, DEFENDANT

2-24-2025
_____
DATE

_____
CHRISTOPHER A. WELLBORN
ATTORNEY FOR THE DEFENDANT

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

2-26-2025
_____
Date

_____
SCOTT MATTHEWS (#13779)
ASSISTANT UNITED STATES ATTORNEY

14